# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

|  |  |  |
|---|---|---|
| Mildred Monica Montgomery, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 8:22-cv-3004-TMC |
| | ) | |
| Warden of Leath Correctional, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner Mildred Monica Montgomery ("Petitioner"), a state prisoner proceeding *pro se*, filed this petition for relief pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. In January 2023, Respondent filed a return to the petition (ECF No. 22) and motion for summary judgment (ECF No. 23). Petitioner filed a response in opposition to summary judgment, (ECF No. 29), and Respondent filed a reply (ECF No. 34).

On June 20, 2023, the magistrate judge issued a Report and Recommendation ("Report"), (ECF No. 36), recommending that Respondent's motion for summary judgment (ECF No. 23) be granted and that the petition for relief under § 2254 (ECF No. 1) be denied. On July 7, 2023, Petitioner filed objections to the Report. (ECF No. 38). On July 20, 2023, Respondent submitted a reply in response to Petitioner's objections. (ECF No. 40). The matter is now ripe for review.

## I. Background

On July 17, 2016, Petitioner, with a group of her family and friends, went to a social club where Jenny Smith and her family and friends were in attendance. (ECF No. 22-1 at 8). At some point, a scuffle between the two groups broke out during which Petitioner drew a firearm and shot

1

Smith, who had been attempting to break up the fight. Smith was transported to the emergency room at the local hospital and ultimately recovered. Petitioner was subsequently indicted for attempted murder and for possession of a weapon during a violent crime. (ECF No. 21-1 at 71–72). Petitioner ultimately pled guilty to the lesser included offense of assault and battery of a high and aggravated nature ("ABHAN") for a negotiated 18-year sentence. *Id*. at 6–10. The State agreed to dismiss the weapons charge.

Petitioner did not file a direct appeal. Petitioner did, however, file a *pro se* application in state court seeking post-conviction relief ("PCR") upon the following ground:

> Counsel failed [and] refused to adequately communicate with [Petitioner] prior to going to court to fully understand the case, made an offer to [Petitioner] for a sentence range which [Petitioner] agreed to, then told [Petitioner] offer was rescinded, lied to [Petitioner] about a video in order to persuade her to plead, failed to counsel [Petitioner] in a fair manner, refused to favorably represent [Petitioner] and passed case over to son who was ineffective.

*Id*. at 14.

The state PCR court conducted a hearing during which Petitioner was represented by counsel and live testimony was given by Petitioner, Petitioner's plea counsel, and the assistant solicitor who prosecuted Petitioner's case. *Id*. at 25–59. On March 19, 2019, the PCR court issued an order denying relief and dismissing Petitioner's application with prejudice. *Id*. at 61–70. The PCR court found that Petitioner's attorneys testified credibly that they "communicated all of the State's offers to [Petitioner] and advised her to accept the State's offer," and concluded that Petitioner "failed to show any deficiency in regard to her ability to communicate with . . . plea counsel" and "failed to show how she was prejudiced from . . . counsels' alleged lack of communication" as Petitioner "stated she was satisfied with plea counsel's representation the day of her plea." *Id*. at 67. The PCR court additionally concluded, based on the plea colloquy, that Petitioner "knowingly and intelligently pled guilty to ABHAN with a negotiated eighteen-year

sentence, and [Petitioner] testified plea counsel informed her the offer was for a negotiated eighteen-year sentence right before the plea was entered." *Id*. at 68. Furthermore, the PCR court concluded that Petitioner failed to demonstrate that she suffered prejudice from plea counsel's alleged defective performance, noting that she stated on the day of her plea that she was happy with her legal representation and finding that, in any event, any "alleged deficiency was cured by the plea court's colloquy." *Id*.

Petitioner, again through legal counsel, appealed the denial of PCR relief by filing a petition for certiorari review in the Supreme Court of South Carolina. (ECF No. 22-2). Petitioner presented the following issue:

> Whether Petitioner's guilty plea was knowingly, intelligently, and voluntarily made when plea counsel, who met with Petitioner on a mere two occasions, once at her bond hearing and then not again until the day of her plea, failed to adequately communicate with and advise Petitioner of her constitutional rights, the elements of the charged offenses, the state's evidence against her, and the maximum penalties she faced, and where the colloquy between Petitioner and the plea judge failed to cure these deficiencies since the judge failed to (1) individually advise Petitioner of the constitutional rights she was waiving by pleading guilty and ensure she understood those rights, and (2) inform Petitioner of the nature and crucial elements of the offense to which she was pleading guilty, the maximum penalty she faced, or the consequences of her guilty plea?

*Id*. at 3.

The South Carolina Supreme Court transferred the appeal to the South Carolina Court of Appeals (ECF No. 22-4) which, in turn, issued an order denying the petition for a writ of certiorari (ECF No. 22-5).

Plaintiff then sought federal habeas relief in the § 2254 petition presently before the court. Petitioner raises the following ground for relief:

**GROUND ONE**: Ineffective Counsel

3

> Supporting facts: Petitioner was never adequately counseled/advised prior to her legal rights, or any available options before counsel pressed her to plead guilty on the day of her plea. Petitioner was led to believe there was some type of video that was detrimental to [her] case and if she did not enter a guilty plea, the outcome would be much worse. Petitioner was not allowed to see her discovery or any evidence used against her until after she was already serving the sentence in the case. She only saw counsel briefly at a bond hearing, then on the day of her plea, and only spoke to him by phone 2 times for about 5 minutes, during which she was not given counsel, options, or otherwise advised of the manner in which she could proceed. Also, [Petitioner] was not advised she could appeal.

(ECF No. 1 at 5).

The magistrate judge issued a Report concluding, in relevant part, as follows:

(1) Petitioner's contention that counsel failed to advise her of her right to appeal her guilty plea is procedurally barred because it was not raised on appeal from the denial of PCR and has not demonstrated cause for the procedural default or prejudice resulting from the alleged constitutional violation or that a fundamental miscarriage of justice has occurred. (ECF No. 36 at 14)

(2) Petitioner failed to show that the state PCR court's conclusion that she did not establish counsel's other alleged deficiencies amounted to ineffective assistance "was contrary to or an unreasonable application of federal law, as determined by the United States Supreme Court, 28 U.S.C. § 2254(d)(1), or based on an unreasonable determination of the facts before the court." *Id*. at 18–19. The magistrate judge also noted that "Petitioner does not challenge the PCR Court's prejudice finding that she failed to demonstrate that but for counsel's deficient performance, there is a reasonable probability that she would have insisted on going to trial," which alone is enough to sink her ineffective assistance claim. *Id*. at 18 (citing *Sigmon v. Stirling*, No. 8:13-cv-01399-RBH, 2018 WL 4691197, at *6 (D.S.C. Sept. 30, 2018) ("Therefore a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice.")).

4

Accordingly, the magistrate judge recommended that Respondent's motion for summary judgment be granted and the § 2254 petition be denied.

## II. Review of the Report of the Magistrate Judge

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a de novo determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas*, LLC, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

### III. Discussion

The Report accurately and thoroughly sets forth the law with respect to habeas petitions filed pursuant to § 2254, including the exhaustion requirement, the cause and prejudice exception to exhaustion, and the doctrine of procedural bypass. (ECF No. 36 at 7–13). Petitioner does not challenge the magistrate judge's recitation of blackletter federal habeas law. The court adopts these principles as set forth in the Report and incorporates them fully herein.

In her objections, (ECF No. 38), Petitioner does not challenge or address the magistrate judge's conclusion that Petitioner's claim that counsel failed to advise her of her right to appeal her guilty plea is procedurally barred. The court agrees with the magistrate judge's conclusion and finds no error, clear or otherwise, in the Report in this regard.

With respect to the magistrate judge's conclusions and recommendations regarding Petitioner's claims regarding counsel's other alleged deficiencies, Petitioner notes several objections. Petitioner contends that counsel failed to pass along certain ostensibly better plea offers from the state. (ECF No. 38 at 4). This particular basis for Petitioner's ineffective assistance claim was not raised in her § 2254 petition and, therefore, she cannot raise it at this stage. *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022), *cert. denied sub nom. Folkes v. Williams*, 143 S. Ct. 736 (2023) ("By considering, and then granting relief based on, a different factual ground than that originally presented in [Petitioner's] § 2254 petition, the district court considered a claim that [Petitioner] did not raise" and, "[i]n so doing, . . . permitted [Petitioner] to circumvent AEDPA's framework for how federal courts are to review § 2254 claims raised by state prisoners."). Furthermore, because Petitioner did not raise this ground for relief in her PCR appeal to the South Carolina Supreme Court (ECF No. 22-2 at 3) and has not attempted to show cause and prejudice for failing to do so, she is procedurally barred from federal habeas review on this basis. *See*

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Nonetheless, even conducting a *de novo* review of this claim, the court concludes there is no basis for habeas relief.  The PCR court addressed Petitioner's claim that plea counsel did not advise her about "a zero-to-twenty open plea offer," finding Petitioner's assertion that the state made such an offer "not credible" and noting that Petitioner's attorneys and the prosecutor "all testified they could not recall an open plea offer ever being made to [Petitioner]" but all remembered "the offer being a plea to ABHAN with a negotiated sentence of eighteen-years."  (ECF No. 22-1 at 68).  Therefore, the PCR court concluded that "plea counsel was not deficient for failing to properly advise [Petitioner] about a zero-to-twenty open plea offer."  *Id*.  Petitioner has not shown why the state court's adjudication was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

The rest of Petitioner's objections relate to the magistrate judge's conclusion that Petitioner failed to satisfy the standards set forth in § 2254 regarding the claim that plea counsel failed to properly advise her such that her guilty plea was not knowing and intelligent.  Petitioner argues that counsel spent insufficient time—"mere minutes"—with her before her guilty plea and that she was "rushed in" to plead guilty without full knowledge, (ECF No. 38 at 2), testifying at the PCR hearing that she pled guilty because counsel told her that she was not going to be able to win at trial and that, if she lost at trial, she would likely be sentenced to 25 years to life imprisonment. (ECF No. 21-1 at 37).  Additionally, Petitioner asserts that counsel failed to investigate potential witnesses named by Petitioner, (ECF No. 38 at 2–5), and that she "would have insisted on a trial . . . if her witnesses had been helpful," *id*. at 3.

7

The court agrees with the magistrate judge that Petitioner has failed to show the PCR's court's decision was contrary to, or involved an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented. The PCR court determined that Petitioner pled guilty pursuant to the competent advice of plea counsel. (ECF No. 22-1 at 69). Counsel's advice was given in light of the fact that Petitioner was facing 30 years for the attempted murder charge, and five years on the gun charge. *Id*. at 51; *see also* S.C. Code Ann. §§ 16-3-29 (attempted murder); 16-23-490 (gun charge). As pointed out by Respondent, "[i]t was undisputed Petitioner shot the victim in the chest with a gun when the victim was only trying to break up a fight. The shot only missed the victim's heart by 2 inches. Petitioner knew full well what she had done as she was there, this crime was committed in public, and many witnesses were present and witnessed the shooting." (ECF No. 40 at 10). The PCR court's conclusion that counsel's advice and performance was not deficient is entirely reasonable; Petitioner has failed to demonstrate that she is entitled to relief under § 2254(d). Likewise, the PCR court reasonably determined that Petitioner failed to establish any prejudice flowing from the alleged deficiencies in counsel's performance. (ECF No. 22-1 at 69). With regard to Petitioner's suggestion that she "would have insisted on a trial" if counsel had interviewed the witnesses she identified, more is required to establish prejudice. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced"). In sum, the court agrees with the analysis, conclusions, and recommendations set forth in the Report and overrules Petitioner's objections.

## IV. Conclusion

Having conducted a *de novo* review of the thorough and detailed Report and the record and, finding no error, the court agrees with, and wholly **ADOPTS**, the magistrate judge's findings and recommendations in the Report (ECF No. 36), which is incorporated herein by reference. Accordingly, the court **GRANTS** Respondent's motion for summary judgment (ECF No. 23) and **DENIES** the petition for relief under § 2254 (ECF No. 1).

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability as to the issues that were ruled upon in this Order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 15, 2023